SHAW, Justice
(concurring in the result in part and dissenting in part).
As to case no. 2140042, I concur in the result to affirm. As explained below, as to case no. 2140043, I respectfully dissent from this Court’s decision to reverse and remand.
The residential-zoning scheme in this case has a default rule: A front yard must have a minimum depth of 30 feet from the street. There is an exception: The front yard of an undeveloped lot must be within five feet of the depth of the average front yard of the surrounding developed lots. It seems that the exception contemplated the situation where a house is to be built on an undeveloped lot in an otherwise established neighborhood; that new house must have a yard similar to those of the existing houses in order to preserve uniform front-yard sizes.
It appears that the zoning scheme does not contemplate the situation we have here — the demolition of an old house and the construction of a new house in an established neighborhood. In other words, there is a regulatory gap: Building a new house on an already developed lot would not implicate the exception to the general rule and its apparent goal of maintaining uniform front-yard sizes. The actions of the defendants in the instant case comply with the default rule: The new house is set back at least 30 feet from the street. The placement of this house might conflict with the rationale behind the exception to the default rule, but that exception, because of the gap, does not apply here. I am uncomfortable filling that gap by accepting a definition of the phrase “undeveloped lot” so as to bring the defendants within the exception. To do so, one would have to accept an expert’s definition of the phrase over the agency’s own definition and that of its own expert. However, a court “should give deference to an agency’s interpretation of an agency rule or a statute implemented by the agency” unless “the agency’s interpretation is unreasonable or unsupported by the law.” Alabama Dep’t of Revenue v. American Equity Inv. Life Ins. Co., 169 So.3d 1069, 1074 (Ala.Civ.App.2015). I cannot conclude that the definition of the words “undeveloped lot” applied here by the agency was unreasonable. Therefore, I respectfully dissent from the reversal of the judgment of the Court of Civil Appeals in case no. 2140043.